<u>NOT FOR PUBLICATION</u>

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| BENSON DURUAKU, et al.,<br><br>     Plaintiffs,<br><br>vs.<br><br>BB&T BANK, ALPHA FUNDING GROUP, DARRA PANTHAKY, WESLEY F. SINE, and DOES 1 through 100,<br><br>     Defendants. | Civil Action No. 05-5285 (KSH)<br><br><br><br><br><br><u>**OPINION**</u> |

<u>**KATHARINE S. HAYDEN, U.S.D.J.**</u>

**I. INTRODUCTION**

  Plaintiffs filed a complaint in Union County alleging state law fraud and negligent misrepresentation claims against all defendants, plus negligence against defendant Branch Banking & Trust Company (incorrectly pled as "BB&T Bank" and referred to here as "BB&T"). BB&T removed the case to this Court on November 7, 2005. Plaintiffs have pled both individually and "as representatives of a class of similarly situated plaintiffs" (Complaint at 1), and seek "a ruling that Plaintiff's [sic] constitute a class of persons similarly situated and affected by the actions of defendants, which arise out of the same issues pertaining to liability and damages" (Complaint ¶ 8 at 7). BB&T now moves to dismiss the complaint for failure to state a

1

claim under Federal Rule of Civil Procedure 12(b)(6); lack of personal jurisdiction under Rule 12(b)(2); and lack of subject matter jurisdiction under Rule 12(b)(1).  Alternatively, BB&T moves to transfer the action to Maryland.

## II.   BACKGROUND

Plaintiffs allege that they all entered into "transactions" with defendant Darra Panthaky (hereafter, "Panthaky") to purchase GNMA securities that they believed were held by Panthaky in a trust.  (Complaint ¶ 32.)  Plaintiffs claim that Panthaky and defendant Wesley F. Sines (hereafter, "Sines") "acted in concert to induce Plaintiffs to purchase" these securities, when in fact Panthaky did not have any GNMA securities to sell.  (Complaint ¶¶ 33-34.) Plaintiffs claim that Panthaky and Sines induced them to purchase these securities by showing them a notarized document that stated that Panthaky held over $48 million in GNMA securities in a sell trust. (Complaint ¶¶ 33-34.)  That particular document is entitled "Irrevocable Stock or Bond Power," and is in the name of Alpha Funding Group, Inc. (Plaintiffs' Exhibit A.  This identifier is the Court's designation because the plaintiffs' exhibits are not marked.  The Court will refer to the exhibits sequentially beginning with the letter "A.")  According to plaintiffs, Alpha Funding Group (hereafter, "Alpha") is the name under which Sines transacted business, and is also a named defendant in this action.  (Complaint ¶ 31.)

The copy of the Irrevocable Stock or Bond Power that has been provided to the Court is mostly illegible, but below the signature it states, "Signature Guaranteed United Bank and Utility Company of [illegible]."  (Id.)  Plaintiffs allege that BB&T is the party responsible for the "Signature Guarantee[]" on the document because they claim that United Bank and Trust Company of Maryland changed its name to First Virginia Bank of Maryland, and BB&T

purchased the First Virginia Bank of Maryland in 2003.  (Complaint ¶¶ 34-35.)

BB&T now moves to dismiss under Rule 12(b)(6) because it claims that "notary liability" does not go beyond substantiation of the signature on a document.  (Moving Brief at 6-8, 15-17.)  BB&T also moves to dismiss under Rule 12(b)(1) because it claims that it "cannot be liable as a matter of law," therefore the plaintiffs "lack standing," therefore no "case or controversy" exists over which this Court has subject matter jurisdiction.  (Moving Brief at 8-14.)  BB&T also moves to dismiss pursuant to Rule 12(b)(2), because it claims that it has insufficient contacts with New Jersey.  (Moving Brief at 17-26.)  Alternatively, BB&T moves to transfer the action to Maryland because it claims that venue in New Jersey is improper.  (Moving Brief at 26-29.)

### III.     MOTION TO DISMISS STANDARDS

When considering a motion to dismiss for failure to state a claim, this Court must accept all allegations in the complaint as true, and draw all reasonable inferences in favor of the plaintiffs.  Morse v. Lower Merion School Dist., 132 F.3d 902, 906 (3d Cir. 1997).  A motion to dismiss will be granted "if it appears to a certainty that no relief could be granted under any set of facts which could be proved."  D.P. Enterprises, Inc. v. Bucks County Community College, 725 F.2d 943, 944 (3d Cir. 1984).  However, that the Court "need not credit a complaint's bald assertions or legal conclusions.  In re Burlington Coat Factory Securities Litigation, 114 F.3d 1410, 1429 (3d Cir. 1997) (internal citations omitted).

When considering a motion to dismiss for lack of personal jurisdiction under Rule 12(b)(2), the Court also must accept all of plaintiffs' allegations as true and construe disputed facts in favor of the plaintiff.  Pinker v. Roche Holdings Ltd., 292 F.3d 361, 368 (3d Cir. 2002), citing Carteret Sav. Bank, FA v. Shushan, 954 F.2d 141, 142 n.1 (3d Cir.1992).  The burden is on the

plaintiffs to demonstrate facts that establish personal jurisdiction.  Mellon Bank (East) PSFS Nat'l Ass'n v. Farino, 960 F.2d 1217, 1223 (3d Cir.1992).

However, when considering a motion to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1), the weight given to the allegations in the complaint differs depending upon whether the challenge to the subject matter jurisdiction is a facial attack or a factual attack. Mortensen v. First Federal Sav. and Loan Ass'n., 549 F.2d 884, 891 (3d Cir. 1977).  "A facial attack on jurisdiction is directed to the sufficiency of the pleading as a basis for subject matter jurisdiction." Medical Society of New Jersey v. Herr, 191 F.Supp.2d 574, 578 (D.N.J. 2002) (Bissell, C.J.).  When considering a facial attack to subject matter jurisdiction, the allegations in the complaint are presumed true. Mortensen v. First Federal Sav. and Loan Ass'n., 549 F.2d at 891.  A factual attack, on the other hand, is a challenge to the court's "very power to hear the case" as a separate matter from the pleadings. Id.  It "calls into question the essential facts underlying a claim of subject matter jurisdiction." Medical Society of New Jersey v. Herr, 191 F.Supp.2d at 578.  Therefore, in a factual attack, "no presumptive truthfulness attaches to plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims." Id.  The Court is "free to weigh the evidence and satisfy itself as to the existence of its power to hear the case." Id.

When a case has been removed from state court to federal court, the federal court will usually resolve any questions about subject matter jurisdiction prior to any questions of personal jurisdiction. Ruhrgas AG v. Marathon Oil Co., 526 U.S. 574, 578 (1999).  Where the analysis of subject matter jurisdiction "will involve no arduous inquiry . . . both expedition and sensitivity to state courts' coequal stature should impel the federal court to dispose of that issue first." Id. at

587-588.  Therefore, the Court will first consider the issue of subject matter jurisdiction pursuant to Rule 12(b)(1).

  IV.  **SUBJECT MATTER JURISDICTION**

The subject matter jurisdiction of the federal courts is limited.  <u>Page v. Schweiker</u>,  786 F.2d 150, 153 (3d Cir. 1986).  Federal courts have "only the power that is authorized by Article III of the Constitution and the statutes enacted by Congress pursuant thereto."  <u>Bender v. Williamsport Area School Dist.</u>, 475 U.S. 534, 541 (1986).  Therefore, "before a federal court can consider the merits of a legal claim, the person seeking to invoke the jurisdiction of the court must establish the requisite standing to sue."  <u>Whitmore v. Arkansas</u>, 495 U.S. 149, 154 (1990).  The doctrine of standing  "identif[ies] those disputes which are appropriately resolved through the judicial process."  <u>Id.</u> at 155.  BB&T argue that plaintiffs "have no standing to establish subject matter jurisdiction regarding BB&T under Rule 12(b)(1)."  (Moving Brief at 5.)  However, it was BB&T that invoked the jurisdiction of this Court by removing this case from state court to federal court,  not the plaintiffs, so  BB&T  must establish that this Court has subject matter jurisdiction over this dispute.  <u>Columbia Gas Transmission Corp. v. Tarbuck</u>, 62 F.3d 538, 541 (3d Cir. 1995) ("A party who invokes the jurisdiction of the federal courts has the burden of demonstrating the court's jurisdiction.").  These "jurisdictional facts" must be established "by a preponderance of evidence."  <u>McNutt v. General Motors Acceptance Corp. of Indiana</u>,  298 U.S. 178, 189 (1936).  Because this is a challenge to the Court's "very power to hear the case," this is a factual attack on subject matter jurisdiction, and "no presumptive truthfulness attaches to plaintiff's allegations" for this inquiry.  <u>Mortensen v. First Federal Sav. and Loan Ass'n.</u>,  549 F.2d at 891.

In its notice of removal, BB&T asserts that this Court has "original jurisdiction over this action pursuant to 28 U.S.C. §1332(d) because the amount in controversy exceed the sum or value of $5,000,000, it is a class action in which any member of the class of plaintiffs is a citizen of a state different from any defendant, and the number of all proposed plaintiff classes in the aggregate is believed to be more than 100 based on review of available records." (Notice of Removal ¶ 9.)  Section 1332(d) is part of the Class Action Fairness Act of 2005 ("CAFA"), and provides, in pertinent part, that "[t]he district courts shall have original jurisdiction of any civil action in which the matter in controversy exceeds the sum or value of $ 5,000,000, exclusive of interest and costs, and is a class action in which – (A) any member of a class of plaintiffs is a citizen of a State different from any defendant." 28 U.S.C. §1332(d)(2).  Section 1332(d)(5) provides that § 1332(d)(2) does not apply to class actions where "the number of members of all proposed plaintiff classes in the aggregate is less than 100." 28 U.S.C. §1332(d)(2)(5)(B).

BB&T's statement of jurisdiction to support its removal to federal court under CAFA requires the Court to address a number of issues before moving to the motion to dismiss.[1]  First, is the amount in controversy over $5,000,000, exclusive of interest and costs; second, is this a class action; third, if it is a class action, is there the requisite diversity of citizenship; and finally, if it is a class action, is the number of all proposed plaintiff classes in the aggregate 100 or more.

Because the removal was not challenged by the plaintiffs, any "irregularity" in the

---

[1] Curiously, the Court notes one of the bases for BB&T's pending motion to dismiss is this Court's lack of subject matter jurisdiction, although its notice of removal did not "reserve" the right to raise the Court's lack of subject matter jurisdiction.  However, because the Court is bound to consider its own subject matter jurisdiction regardless of whether it has been challenged by one of the parties, the Court will conduct the requisite jurisdictional inquiry.

removal procedure "has been waived." Medlin v. Boeing Vertol Co., 620 F.2d 957, 960 (3d Cir. 1980). However, "failure to challenge removal cannot confer subject matter jurisdiction which it does not otherwise possess upon the federal district court." Id.  It is incumbent on district courts to "examine their subject matter jurisdiction at all stages of the litigation *sua sponte* if the parties fail to raise the issue." U.S. Express Lines Ltd. v. Higgins, 281 F.3d 383, 388-389 (3d Cir. 2002). See also 28 U.S.C.A. § 1447(c) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."). This obligation applies both to cases originally filed in district court as well as cases removed to district court. U.S. Express Lines Ltd. v. Higgins, 281 F.3d at 388-389.

    **1.**    **Amount in Controversy**

The first requirement for jurisdiction under § 1332(d) is that the amount in controversy must be over $5,000,000, exclusive of interest and costs. 28 U.S.C. § 1332(d). "In removal cases, determining the amount in controversy begins with a reading of the complaint filed in the state court." Samuel-Bassett v. KIA Motors America, Inc., 357 F.3d 392, 398-399 (3d Cir. 2004). Plaintiffs did not state a specific dollar amount in damages in the state court complaint. In the *ad damnum* clause of the complaint, plaintiffs request costs of suit; general, special, and punitive damages "according to proof," and other relief that the Court deems appropriate. (Complaint ¶¶ 1-7 at 6.) Where a complaint does not specify the dollar amount of damages, the Court must make "an independent appraisal of the value of the claim." Angus v. Shiley Inc., 989 F.2d 142, 146 (3d Cir. 1993). The Court "should look to the notice of removal" and may require the removing party to provide "evidence relevant to the amount in controversy at the time the case was removed." Williams v. Best Buy Co., Inc., 269 F.3d 1316, 1319 (11th Cir. 2001).

In its notice of removal, BB&T states that the amount in controversy exceeds the sum or value of $5,000,000, "[a]ccording to public records available from the docket of the United States District Court for the Eastern District of California." (Notice of Removal, ¶¶ 8-9.) BB&T continues:

> The trial brief of the government specifically states: "Through this scheme, Panthaky and Sine defrauded investors out of over $5 million." A news release from the United States Attorney for the Eastern District of California identifies evidence at their criminal trial of loss to investors of over $8 million.

(Notice of Removal, ¶ 9.) Apparently, BB&T is referring to a criminal case for mail fraud in California against defendants Sine and Panthaky. See U.S. v. Panthaky and Sine, No. S-02-079 (E.D. Ca. 2005.) However, BB&T did not include a copy of the "public records" to which it refers, nor the trial brief from that case, nor the news release. "A conclusory allegation in the notice of removal that the jurisdictional amount is satisfied, without setting forth the underlying facts supporting such an assertion, is insufficient to meet the defendant's burden." Williams v. Best Buy Co., Inc., 269 F.3d at 1319-1320.

In the underlying (now removed) state case, BB&T demanded a statement of damages from plaintiffs. (Demand for Statement of Damages, Notice of Removal at 29.) Plaintiffs furnished this statement of damages in response to BB&T's demand, and the total amount claimed for the named plaintiffs was listed as $1,740,000,[2] well below the $5,000,000 threshold required by § 1332(d). Therefore, before the Court can find that it has subject matter jurisdiction

---

[2]Plaintiffs also added attorneys fees and costs of $1,273,534, plus interest at 10% per *annum* of $807,534, for a grand total of $3,821,301. However, 28 U.S.C. § 1332(d)(6) provides that the aggregated value of the claims of the individual class members must exceed $5,000,000, "exclusive of interests and cost."

pursuant to § 1332(d), BB&T must show the Court, by a preponderance of the evidence, that the jurisdictional threshold of $5,000,000 is met.

### 2. Class Status

The second requirement for jurisdiction under § 1332(d) is that the matter must be a class action. However, for purposes of a motion to dismiss, "a suit brought as a class action should be treated as such . . . until there is a full determination that the class action is not proper." Kahan v. Rosenstiel, 424 F.2d 161, 169 (3d Cir. 1970). See also Philadelphia Elec. Co. v. Anaconda Am. Brass Co., 42 F.R.D. 324, 326 (E.D.Pa.1967) ("[W]hatever uncertainties exist as to the precise status of an action brought as a class action, during the interim between filing and the 23(c)(1) determination by the court, it must be assumed to be a class action for purposes of dismissal or compromise under 23(e) unless and until a contrary determination is made under 23(c)(1).") Therefore, for the purposes of this motion to dismiss only, the Court will assume that this matter is a class action.

### 3. Diversity of Citizenship

The third requirement for jurisdiction under § 1332(d) is that there is minimal diversity of citizenship – any member of the class of plaintiffs must be is a citizen of a State different from any defendant. According to the complaint, the named plaintiffs are "resident[s]" of California, Indiana, Pennsylvania, Hawaii, Maryland, and Washington. (Complaint ¶¶ 1-24.) According to the notice of removal, the named plaintiffs are "identified as resident[s]" of those states. (Notice of Removal ¶ 3.) According to the complaint, defendant BB&T "practices business in the state of New Jersey." (Complaint ¶ 28.) According to the notice of removal, BB&T is a North Carolina corporation with its principal place of business in North Carolina. (Notice of Removal

9

¶ 2.) According to the complaint, defendant Panthaky is a resident of California and defendant Sines is a resident of Utah. (Complaint ¶¶ 29-30.) According to the notice of removal, defendants Panthaky and Sines are "identified" as residents of California and Utah, respectively, but are both "in prison at present." (Notice of Removal ¶¶ 4-5.)

The Court notes that while the pleadings indicate the *residency* of the individual plaintiffs and defendants, it does not indicate the *citizenship* of the individual plaintiffs and defendants, which is the relevant inquiry for purposes of diversity. "[I]t has long been settled that residence and citizenship [are] wholly different things within the meaning of the Constitution and the laws defining and regulating the jurisdiction of the circuit courts of the United States; and that a mere averment of residence in a particular state is not an averment of citizenship in that state for the purposes of jurisdiction." Steigleder v. McQuesten, 198 U.S. 141, 143 (1905). Also see Tanzymore v. Bethlehem Steel Corp., 457 F.2d 1320, 1324, n.5 (3d Cir. 1972) ("A naked averment that one is a 'domiciliary' or a 'resident' of a state is insufficient. The statute requires that the averment be that one is a 'citizen' of a state.") Therefore, before the Court can find that it has subject matter jurisdiction pursuant to § 1332(d), BB&T must provide the Court with a statement of the citizenship of the individual plaintiffs and defendants.

### 4. Number of Proposed Plaintiff Classes

The final requirement for jurisdiction under § 1332(d) is that "the number of members of all proposed plaintiff classes in the aggregate" must not be less than 100. 28 U.S.C. § 1332(d)(2)(5)(B). In the notice of removal, BB&T states, "on information and belief, the number of members of all proposed plaintiff classes in the aggregate is more than 100." (Notice of Removal ¶ 7.) As discussed above, there are 26 named plaintiffs in this putative class action.

BB&T has not shown, by a preponderance of the evidence, that there are more than 100 plaintiffs in the "class." Therefore, before the Court can find that it has subject matter jurisdiction pursuant to § 1332(d), BB&T must provide the Court with evidence sufficient to meet its burden that there are more than 100 plaintiffs in all proposed plaintiff classes.

## V. CONCLUSION

For the reasons stated above, the Court is unable to determine from the existing record whether or not it has subject matter jurisdiction over this action pursuant to § 1332(d) as asserted by the removing defendant, BB&T. The Court directs that BB&T support its jurisdictional assumptions by such means as the Magistrate Judge directs, within a time frame to be set by the Magistrate Judge. Pending this undertaking, BB&T's motion to dismiss is administratively terminated.

**Dated: June 29, 2006**

/s/Katharine S. Hayden
**Katharine S. Hayden**
**United States District Judge**